**US DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| AMERICAN RELIABLE INSURANCE COMPANY, INC.<br>Plaintiff,<br><br>v.<br><br>ROBERT BLESSING, BRANDI BLESSING, and the marital community comprised thereof, RWB HORSE RANCH, LLC, and E.J.M., individually,<br><br>Defendants. | No.: 2:26-cv-3748<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff American Reliable Insurance Company (hereinafter "ARIC"), pursuant to 28 U.S.C. §2201 *et seq*., and Fed. R. Civ. P. 57, files this Complaint for Declaratory Judgment that it has no obligation to defend or indemnify Defendants Brandi Blessing and RWB Horse Ranch, LLC ("RWB") for claims arising out of alleged sexual abuse perpetrated by Defendant Robert Blessing.

## I. INTRODUCTION

1. This declaratory judgment action arises out of allegations against Defendants Brandi Blessing and RWB in the matter of *E.J.M. v. RWB Horse Ranch LLC, et al*., Snohomish County Superior Court cause no. 26-2-06759-31 ("Underlying Lawsuit"). A true and correct copy of the complaint2:26-cv-3748 in the Underlying Lawsuit is attached as **Exhibit A** and



NICOLL BLACK ALTENBRUN & FEIG
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

incorporated herein as if fully set out. Defendant E.J.M. ("E.J.M.") is the plaintiff in the Underlying Lawsuit and has brought claims against Defendants Brandi Blessing and RWB regarding alleged sexual abuse she suffered from Defendant Robert Blessing while she boarded her horse and took riding lessons at RWB. ARIC is providing a defense to Brandi Blessing and RWB in the Underlying Lawsuit under a reservation of rights. ARIC now seeks a declaration of its rights and responsibilities through this declaratory judgment action.

## II. PARTIES

2. ARIC is an Arizona corporation with its principal place of business in Phoenix, Arizona.

3. Upon information and belief, Defendant Brandi Blessing is an individual residing in Arlington, Snohomish County, Washington, and married to Defendant Robert Blessing.

4. Upon information and belief, Defendant Robert Blessing is an individual currently incarcerated at Coyote Ridge Corrections Center in Connell, Franklin County, Washington, and married to Defendant Brandi Blessing.

5. Upon information and belief, both Brandi and Robert Blessing are citizens of Washington.

6. Upon information and belief, RWB is a Washington limited liability company with its principal place of business in Arlington, Snohomish County, Washington. RWB is owned by the Blessings.

7. Upon information and belief, E.J.M. is an individual residing in Arlington, Snohomish County, Washington.

## III. JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, *et seq.*, because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.



NICOLL BLACK ALTENBRUN & FEIG
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

9. Venue in this district is proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to this action occurred in this district in or near Snohomish County, Washington.

10. By reason of the allegations set forth herein, a real immediate and justiciable controversy exists and will continue to exist between the parties until such time as it is resolved by this Court.

## IV. FACTS

11. RWB is located at 12916 99th Ave. NE, Arlington, Washington 98223.

12. The Blessings owned and operated RWB, providing boarding for horses and horse-riding lessons.

13. The Blessings also lived on the property. Upon information and belief, Brandi Blessing still resides there.

14. In December 2025, Defendant Robert Blessing pleaded guilty to two counts of sexual exploitation of a minor and one count of commercial sexual exploitation of a minor, and was sentenced to 189 months of incarceration.

15. Defendant Robert Blessing is currently incarcerated at Coyote Ridge Corrections Center in Connell, Franklin County, Washington.

16. E.M.J. filed the Underlying Lawsuit on or about July 1, 2026, naming Defendants Brandi Blessing and RWB as defendants.

17. Among other things, the complaint in the Underlying Lawsuit alleges as follows:

> 9. At all times material, Robert Walter Blessing was an owner-employee of RWB Horse Ranch. While working at RWB Horse Ranch, Robert developed a common scheme and plan to groom, harass, and abuse female minor boarders, including minor Plaintiff E.J.M.
>
> 10. At all times material, Robert Walter Blessing lived on the RWB Horse Ranch in Arlington, Washington when he verbally and physically harassed and sexually abused E.J.M.
>
> 11. At all times material, Plaintiff E.J.M. was a minor female student who boarded her horse and took horseback riding lessons at RWB Horse Ranch.



NICOLL BLACK ALTENBRUN & FEIG
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

12. In or around October 2018, Defendant Brandi Blessing introduced Plaintiff E.J.M. to Robert Walter Blessing. Robert Walter Blessing began to insert himself into E.J.M.'s life as a "friend," "confidant," and "father figure" for no other reason than to verbally and physically harass and sexually abuse her.

13. In or around February 2022, when Plaintiff was approximately fourteen years old, Robert Walter Blessing continued to show E.J.M. more attention than other boarders and started demanding explicit photos via text messaging. …

* * *

14. Robert Walter Blessing continued physically and verbally harassing and sexually abusing E.J.M. when she turned fifteen years old. This conduct occurred in the Blessings' home, including their office, living room, mudroom, and their children's rooms, as well as on RWB Horse Ranch property.

15. After returning from a trip out of state, Robert Walter Blessing began vaginally and anally raping Plaintiff E.J.M., including during an overnight stay in the Blessings' home located on RWB Horse Ranch property.

* * *

21. On several occasions, Defendant Brandi Blessing invited Plaintiff E.J.M. into the Blessing home and told her to stay overnight. Defendant Brandi Blessing was physically present in the home when Robert Walter Blessing verbally and physically harassed and sexually abused Plaintiff.

22. Defendant Brandi Blessing assumed a custodial and protective role over Plaintiff during sleepovers in the Blessings' home.

23. Defendant Brandi Blessing had actual or constructive knowledge of the risk of inappropriate conduct between children and adults, children and Robert Walter Blessing, and/or Plaintiff's resultant emotional distress and other injuries.

24. At all relevant times, Defendant RWB Horse Ranch, and its agents and employees knew, or should have known, that Robert Walter Blessing was grooming, verbally and physically harassing, and sexually abusing Plaintiff.

25. RWB Horse Ranch endangered Plaintiff by ignoring the signs of a dangerous sexual predator.

26. Plaintiff's harm was foreseeable and preventable had RWB Horse Ranch removed Robert Walter Blessing.

* * *

28. As a proximate result of Defendants' negligence and conduct occurring before and after Robert Walter Blessing began abusing Plaintiff, Plaintiff suffered mental anguish and severe emotional distress. Plaintiff's losses include both economic and noneconomic, both past and future.



NICOLL BLACK ALTENBRUN & FEIG
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

> 29. Defendant Brandi Blessing's negligence and failures before and after Robert Walter Blessing began abusing Plaintiff proximately caused her additional injuries and exacerbated her existing injuries.

18. Based on these and other allegations, E.J.M. has made claims against Defendants Brandi Blessing and RWB for sexual discrimination, common law negligence, common law gross negligence, negligent infliction of emotional distress, and outrage.

19. Defendants Brandi Blessing and RWB tendered the Underlying Lawsuit to ARIC for defense and indemnity.

20. ARIC is providing a defense to Brandi Blessing and RWB in the Underlying Lawsuit under a reservation of rights.

21. ARIC, a former subsidiary of Global Indemnity Group, LLC ("Global Indemnity") and current subsidiary of Everett Cash Mutual Insurance Company ("ECM"), issued successive commercial farm and equine policies to Robert and Brandi Blessing as the named insureds with respect to their business operations located at 12916 99th Ave. NE, Arlington, Washington 98223, including policy nos. AEP120469 01 (effective 8/6/2021 to 8/6/2022), AEP120469 02 (effective 8/6/2022 to 8/6/2023), AEP120469 03 (effective 8/6/2023 to 8/6/2024), and AEP120469 04 (effective 8/6/2024, cancelled 2/7/2025) (collectively, the "Policies").

22. Global Indemnity sold ARIC to ECM effective August 8, 2022.

23. The Policies are each subject to bodily injury and property damage limits of $1 million each occurrence, with a general aggregate and products-completed operations aggregate limit of $2 million.

24. The Policies provide liability coverage for "bodily injury" caused by an "occurrence" during the policy period.

25. The Policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."



NICOLL BLACK ALTENBRUN & FEIG
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

26. The Policies define "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

27. By endorsements, the Policies extend coverage to "liability arising out of the ownership, use or maintenance of 'farm premises,'" and to "liability arising out of the insured's personal or nonbusiness activities."

28. The Policies define "farm premises" as "the location identified as such in the Declarations and operated for 'farming' purposes," and "farming" as "the operation of an agricultural or aquacultural enterprise."

29. The Policies identify the "farm premises" as 12916 99th Ave. NE, Arlington, Washington 98223.

30. Effective July 29, 2022, RWB was added as an additional insured under the Policies, but only "with respect to liability for 'bodily injury' … caused, in whole or in part, by [Robert and/or Brandi Blessing's] acts or omissions" "[i]n the performance [their] ongoing operations" or "[i]n connection with [their]premises" they own.

31. The Policies exclude coverage for "bodily injury" that is "expected or intended from the standpoint of the insured."

32. The Policies also exclude coverage for "bodily injury" arising out of "[t]he actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured" or negligent employment, investigation, supervision, or reporting/failure to report to authorities.

33. Specifically, the Policies' Abuse or Molestation Exclusion endorsement (CG 21 46 07 98) provides as follows:

> This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:
>
> **1.** The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured, or
>
> **2.** The negligent:



NICOLL BLACK ALTENBRUN & FEIG
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

**a.** Employment;

**b.** Investigation;

**c.** Supervision;

**d.** Reporting to the proper authorities, or failure to so report; or

**e.** Retention; of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by Paragraph **1.** above.

34. To the extent coverage may be extended to "liability arising out of the ownership, use or maintenance of 'farm premises,'" the Policies nevertheless exclude coverage for "bodily injury" to the extent it arises out of "ownership, use or maintenance" of the "farm premises" for nonagricultural business purposes or rented to others for nonagricultural business or dwelling purposes.

35. To the extent coverage may be extended to "liability arising out of the insured's personal or nonbusiness activities," the Policies nevertheless exclude coverage for "bodily injury" arising out of "[o]r in connection with a business engaged in by an insured."

36. To the extent coverage may be extended to "liability arising out of the insured's personal or nonbusiness activities," the Policies nevertheless exclude coverage for "bodily injury" "arising out of sexual molestation, corporal punishment or physical or mental abuse."

37. The Policies include an "Other Insurance Provisions" endorsement, which applies to the extent an "occurrence" is covered under more than one policy issued by ARIC or any company affiliated with ARIC, and which states that "[t]he maximum Limit of Insurance that applies under all policies in the aggregate shall not exceed the highest applicable per occurrence limit which applies under any one policy."

38. The Policies include a "Defense Costs" endorsement that allows ARIC to withdraw from a defense provided on behalf of an insured in the event it is determined that ARIC has no obligation to defend in that lawsuit, and to seek allocation and/or reimbursement of defense costs paid in that lawsuit in whole or in part.



NICOLL BLACK ALTENBRUN & FEIG
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

## V. CAUSES OF ACTION - FIRST CLAIM FOR RELIEF DECLARATORY JUDGMENT OF NO COVERAGE

39. ARIC realleges and incorporates by reference Paragraphs 1 to 37 as though fully set forth herein.

40. The Policies do not afford coverage to Defendants Brandi Blessing and RWB for the claims in the Underlying Lawsuit for one or more of the following reasons:

a. E.J.M.'s alleged "bodily injury," as that term is defined in the Policies and alleged in the Underlying Lawsuit, was not caused by an "occurrence" as that term is defined in the Policies;

b. Even if E.J.M's alleged "bodily injury," as that term is defined in the Policies and alleged in the Underlying Lawsuit, was caused by an "occurrence" as that term is defined in the Policies, which it was not, any such "occurrence" began before the Policies incepted and before RWB was added to the Policies as an additional insured;

c. Even if E.J.M.'s alleged "bodily injury," as that term is defined in the Policies and alleged in the Underlying Lawsuit, was caused by an "occurrence" as that term is defined in the Policies, which it was not, the alleged "bodily injury" would only qualify as a single "occurrence;"

d. E.J.M.'s alleged "bodily injury," as that term is defined in the Policies and alleged in the Underlying Lawsuit, was expected and/or intended by Defendants Robert Blessing, Brandi Blessing, and/or RWB, all of whom are insureds under the Policies;

e. E.J.M.'s alleged "bodily injury," as that term is defined in the Policies and alleged in the Underlying Lawsuit, arises out of abuse and/or molestation threatened or otherwise committed by Defendant Robert Blessing, and/or arises out of the negligent employment, investigation, supervision, or



NICOLL BLACK ALTENBRUN & FEIG
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

reporting/failure to report to authorities by Defendants Brandi Blessing and/or RWB;

f. Even if the allegations in the Underlying Lawsuit were for Defendants Brandi Blessing's and/or RWB's liability arising out of the ownership, use, or maintenance of the "farm premises," as that term is defined in the Policies, which they are not, E.J.M.'s alleged "bodily injury," as that term is defined in the Policies and alleged in the Underlying Lawsuit, arose out of ownership, use, or maintenance of the "farm premises" for nonagricultural purposes; and

g. Even if the allegations in the Underlying Lawsuit were for liability arising out of the Defendant Brandi Blessing's and/or RWB's personal or nonbusiness activities, which they are not, E.J.M.'s alleged "bodily injury," as that term is defined in the Policies and alleged in the Underlying Lawsuit, arose out of a business Defendant Brandi Blessing and/or RWB were engaged in.

41. Because the Policies do not afford coverage to Defendants Brandi Blessing and RWB for the claims in the Underlying Lawsuit, ARIC has no duty to defend or indemnify Defendants Brandi Blessing and RWB against the claims in the Underlying Lawsuit.

42. Additionally, because the Policies do not afford coverage to Defendants Brandi Blessing and RWB for the claims in the Underlying Lawsuit, ARIC is entitled to reimbursement for the defense costs they have incurred providing a defense to Defendants Brandi Blessing and RWB in the Underlying Lawsuit.

## VI. RIGHT TO AMEND COMPLAINT

ARIC reserves the right to amend this Complaint in the future in accordance with Fed. R. Civ. P. 15.



NICOLL BLACK ALTENBRUN & FEIG
1325 FOURTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
206-838-7555

## PRAYER FOR RELIEF

WHEREFORE, ARIC prays for the following relief:

1. A judgment declaring that there is no coverage under the Policies for the claims made by Defendants Brandi Blessing and RWB.
2. A judgment declaring that ARIC has no duty to defend or indemnify Defendants Brandi Blessing and RWB with regard to the allegations in the Underlying Lawsuit;
3. A judgment declaring that ARIC may immediately cease providing a defense to Defendants Brandi Blessing and RWB in the Underlying Lawsuit;
4. A judgment declaring that ARIC is to be reimbursed for the defense costs it has incurred providing a defense to Defendants Brandi Blessing and RWB in the Underlying Lawsuit;
5. Awarding attorneys' fees and costs allowed by law; and
6. Granting any other and further relief as the Court deems just and equitable.

DATED this 2nd day of October, 2026.

NICOLL BLACK ALTENBRUN & FEIG

/s/ Matthew Erickson
Matthew Erickson, WSBA No. 43790
/s/ Sarah E. Davenport
Sarah E. Davenport, WSBA No. 45269
1325 4th Ave, Suite 1650
Seattle, WA 98101
Phone: 206-838-7555
Fax: 206-383-7515
MErickson@nicollblack.com
sdavenport@nicollblack.com
*Attorneys for Plaintiff*

MARTIN BISHOFF, LLP

/s/ Michael A. Yoshida
Michael A. Yoshida, WSBA No. 47581
620 SW Fifth Avenue, Suite 300
Portland, OR 97204
Phone: 503-220-4297
Fax: 503-914-1725
MYoshida@MBLGLaw.com
*Of Attorneys for Plaintiff*